# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ST. LOUIS GLASS AND ALLIED INDUSTRIES HEALTH & WELFARE INSURANCE FUND, et al., ) ) ) ) ) Plaintiffs, ) ) v. ) ) ROBERT McGILL, III, ) ) Defendant. ) | No. 4:21-CV-1479 RLW |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion for Default Judgment. Plaintiffs brought this action against Defendant Robert McGill, III, under Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §1132, §1145, seeking a judgment against Defendant Robert McGill, III, for delinquent contributions, interest, attorney's fees, and costs pursuant to the Collective Bargaining Agreement ("CBA") between Glaziers, Architectural and Glassworkers Local 513 ("the Union") and R&R Vision Glass, LLC. ("the Company"). Defendant Robert McGill, III, is the principal officer of the Company.

Defendant Robert McGill, III, was served with copies of the Summons and Complaint on January 7, 2022. Defendant did not file an answer or otherwise respond to the Complaint. On March 15, 2022, the Clerk of Court entered default against Defendant Robert McGill, III, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. Plaintiffs move, pursuant to Fed. R. Civ. P. 55(b)(2) for the entry of default judgment against Defendant McGill. Plaintiffs filed with their motion a memorandum in support and supporting affidavits.

## I. Discussion

Default judgments are not favored in the law, U.S. on Behalf of & for Use of Time Equip. Rental & Sales, Inc. v. Harre, 983 F.2d 128, 130 (8th Cir. 1993), and their entry is discretionary. See Taylor v. City of Ballwin, Mo., 859 F.2d 1330, 1332 (8th Cir. 1988). "The entry of a default judgment should be a 'rare judicial act.'" Comiskey v. JFTJ Corp., 989 F.2d 1007, 1009 (8th Cir. 1993) (quoted case omitted). There is a judicial preference for adjudication on the merits. Oberstar v. F.D.I.C., 987 F.2d 494, 504 (8th Cir. 1993). Entry of default judgment pursuant to Federal Rule of Civil Procedure 55 is appropriate only if there is a "clear record of delay or contumacious conduct." Taylor, 859 F.2d at 1332 (quoted case omitted).

Even when a defendant is technically in default and all of the requirements for a default judgment are satisfied, a plaintiff is not entitled to default judgment as a matter of right. 10 James Wm. Moore, et al., Moore's Federal Practice § 55.31[1] (3d ed. 2008); Taylor, 859 F.2d at 1332. Prior to the entry of a discretionary default judgment, this Court should satisfy itself that the moving party is entitled to judgment, including by reviewing the sufficiency of the complaint and the substantive merits of the plaintiff's claim. 10 Moore's Federal Practice § 55.31[2].

An entry of default from the Clerk of the Court pursuant to Fed. R. Civ. P. 55(a) is a prerequisite to the grant of a default judgment under Rule 55(b). Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781, 783 (8th Cir. 1998). "A default judgment by the court binds the party facing the default as having admitted all of the well pleaded allegations in the plaintiff's complaint." Angelo Iafrate Const., LLC v. Potashnick Const., Inc., 370 F.3d 715, 722 (8th Cir. 2004) (citing Taylor, 859 F.2d at 1333 n.7). Where default has been entered, the "allegations of the complaint, except as to the amount of damages are taken as true." Brown v. Kenron Aluminum & Glass Corp., 477 F.2d 526, 531 (8th Cir. 1973). If the damages claim is indefinite or uncertain, the

amount of damages must be proved in a supplemental hearing or proceeding to a reasonable degree of certainty. Everyday Learning Corp. v. Larson, 242 F.3d 815, 818–19 (8th Cir. 2001).

Here, the Court takes the allegations Plaintiffs make in their Complaint as true, except for those allegations as to the amount of damages.  St. Louis Glass and Allied Industries Health & Welfare Insurance Fund; Glaziers, Architectural and Glassworkers Local 513 Division A Pension Fund; Glaziers, Architectural and Glassworkers Local 513 Division A; Glazier Unit Money Purchase Plan, and Apprenticeship Training & Journeyman Education Trust Fund and Glaziers And Glassworkers Local Union No.513 Vacation And Holiday Trust Fund, (hereinafter "Glaziers Local 513 Fringe Benefit Funds") are employee benefit plans within the meaning of Sections 502 and 505 of ERISA, 29 U.S.C. §§ 1002 and 1145.  Plaintiffs William A. Snow, Roger Sandbothe, Tim Brown, Curt Kimbrell, Sr., John Deeken and Gregg Smith are the duly designated and acting Trustees of the Funds and are fiduciaries within the meaning of Sections 3 (21) (A) and 502 of ERISA, as amended, 29 U.S.C. §§1002(21)(A) and 1132.

Defendant, Robert McGill, III, is the principal officer of R&R Vision Glass, LLC, an employer and party in interest in an industry affecting commerce within the meaning of Sections 3(5), (11), (12), and 515 of ERISA, as amended, 29 U.S.C. §§ 1002(5), (11), (12) and 1145. As the principal officer of the Company, Defendant McGill employs individuals who are members of, and represented by the Union, a local labor organization, and has agreed to provide participation in the Plaintiffs' Glaziers Local 513 Fringe Benefit Funds, so as to provide for benefits for employees of the Company.

The Company was a party to, and agreed to abide by, the provisions of the collective bargaining agreement ("CBA') requiring monthly payments to the Glaziers Local 513 Fringe Benefit Funds in specified amounts.  Pursuant to Section 515 ERISA, as amended, U.S.C. § 1145,

3

the Company was required to make contributions to the Funds in accordance with the terms and conditions of the Glaziers Local 513 Fringe Benefit Funds respective agreements and Declaration of Trusts.  Pursuant to Article 16, Fringes, of the CBA, should the Company fail to make any required contribution to the Glaziers Local 513 Fringe Benefit Funds by the tenth (10th) of the month following the month in which the work was performed, a penalty shall be assessed as follows: a three percent (3%) penalty if the payment is received between the 20th and 25th, a five percent (5%) penalty if the payment is received between the 25th and 30th, and a ten percent (10%) penalty if the payment is received later than the 30th.

Despite the Company's obligation under the CBA to make contributions to the Glaziers Local 513 Fringe Benefit Funds, the Company failed to remit the same and was delinquent in the payment of its contributions owing to the Funds for a period of August 1, 2016, through November 30, 2018.

Pursuant to the CBA, the Company was to submit monthly employee contribution reports to Plaintiffs along with payment for said monthly employee contributions.  Pursuant to the revised payroll compliance examination that was completed, the Company was delinquent for an amount due and owing to the Plaintiffs of Twenty-Three Thousand One Hundred Nine Dollars and Twenty Cents ($23,109.20) for the period of August 1, 2016, through November 30, 2018.

On May 9, 2018, Plaintiffs filed a complaint in this district against the Company for contributions due and owing from August 1, 2016, through November 30, 2018; in addition to a penalty of ten percent (10%) of the total amount due.  See St. Louis Glass & Allied Indus. Health & Welfare Ins. Fund, et al., v. R&R Vision Glass Co., No. 4:18-CV-721 RLW.  The Trustees of Glaziers Local 513 Fringe Benefit Funds and the Company mediated that dispute and entered into a settlement.  Under the terms of a settlement agreement, the parties agreed to a reduce the amount

of the delinquent contributions to Twenty-Three Thousand One Hundred and Nine Dollars and Twenty Cents ($23,109.20).  (ECF No. 1, Ex. C at 2).  Plaintiffs, the Company, and Defendant McGill also entered into a Payment and Installment Agreement.  Under the terms of the Payment and Installment Agreement, the Company and Defendant were to make an initial down payment of Seven Thousand Five Hundred Dollars ($7,500.00), payable in equal amounts over the first three (3) monthly installments in the amount of Two Thousand Five Hundred Dollars ($2,500.00), plus monthly payments to Plaintiffs in the amount of One Thousand Seven Dollars and Twenty-Eight Cents ($1,007.28) beginning on April 10, 2021 for a period of fifteen (15) consecutive months.  If the Company failed to make payment or if it was delinquent on its current monthly fringe benefit obligation, the entire settlement amount, less any payments, was immediately due seven days following notice of delinquency, and the Company was responsible for all costs associated with the collection of the remaining balance, including the cost of litigation and attorney's fees.  (ECF No. 1, Ex. C at 2).

In conjunction with settlement of <u>St. Louis Glass & Allied Indus. Health & Welfare Ins. Fund, et al., v. R&R Vision Glass Co.</u>, No. 4:18-CV-721 RLW, Defendant McGill also executed a personal guarantee, whereby he agreed to and acknowledged "personal liability" and "personally guarantee[d] the prompt, full and complete performance of any and all present and future fringe benefit payments and obligations due the Glaziers Local 513 Fringe Benefit Funds."  (ECF No. 1, Ex. A at 1).

The parties also entered into a Stipulation for Entry of Consent Judgment, in which Plaintiffs agreed to stay execution of the Judgment pending Defendant's compliance with the terms and conditions set forth in the Consent Judgment and Payment and Installment Agreement.  (ECF No. 1, Ex. B).

On December 28, 2020, the Court entered an Agreed-Upon Order of Dismissal in <u>St. Louis Glass & Allied Indus. Health & Welfare Ins. Fund, et al., v. R&R Vision Glass Co.</u>, No. 4:18-CV-721 RLW, in which the parties to the suit were to comply with the terms of the Payment and Installment Agreement, and the Court would retain jurisdiction over the dispute through June 30, 2022.

Pursuant to the Payment and Installment Agreement, the Company and Defendant made the initial down payment of Seven Thousand Five Hundred Dollars ($7,500.00) and made five (5) payments of One Thousand Seven Dollars and Twenty-Eight Cents ($1,007.28) each, on April 27, 2021, June 22, 2021, July 23, 2021, October 8, 2021, and November 23, 2021, however the Company and Defendant failed to remit regular monthly fringe benefit payment obligations pursuant to the settlement and installment agreement.

On December 16, 2021, the Company moved for the entry of the stipulated consent judgment in <u>See</u> <u>St. Louis Glass & Allied Indus. Health & Welfare Ins. Fund, et al., v. R&R Vision Glass Co.</u>, No. 4:18-CV-721 RLW, which the Court granted.  Plaintiffs attempted to collect on the judgment, and despite efforts to collect, the Company and Defendant failed to remit to Plaintiffs' Funds the sum of Ten Thousand Seventy- Two Dollars and Eighty Cents ($10,072.80), plus interest and interest in lieu of liquidated damages.

Under the facts as alleged in the Complaint, the Court finds Plaintiffs are entitled to default judgment against Defendant McGill.   The Company and Defendant failed to remit regular monthly fringe benefit payment obligations pursuant to the settlement and installment agreement, which was personally guaranteed by Defendant McGill.  <u>Contractors, Laborers, Teamsters & Engineers Health & Welfare Plan v. Hroch</u>, 757 F.2d 184 (8th Cir. 1985); <u>Landy Packing Co. v.</u>

Amalgamated Meat Cutters & Food Handlers of N. Am., AFL-CIO, Dist. Loc. 653-653A, 471 F. Supp. 1218 (D. Minn. 1979), enforced, 627 F.2d 881 (8th Cir. 1980).

## II.   *Damages and Fees*

Pursuant to ERISA, Section 502(g)(2), "In any action under this title by a fiduciary for or on behalf of a plan to enforce Section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan – (a) the unpaid contributions; (b) interest on the unpaid contributions (c) an amount equal to the greater of (1) interest on the unpaid contributions, or (2) liquidated damages provided for under the plan in an amount not in excess of 20% (or such higher percentage as may be permitted under Federal or State law) of the amounts determined by the court under subparagraph (a); (d) reasonable attorney's fees and costs of the action, to be paid by the defendant; and, (3) such other legal or equitable relief as the court deems appropriate."  29 U.S.C. § 1132(g)(2).

In their motion for default judgment, Plaintiffs seek Ten Thousand Seventy-Two Dollars and Eighty Cents ($10,072.80) for contributions due; Nine Hundred Six Dollars and Fifty-Five Cents ($906.55) for interest; Nine Hundred Six Dollars and Fifty-Five Cents ($906.55) for interest in lieu of liquidated damages pursuant to 29 U.S.C. § 1132 (g) (2), for a total of Eleven Thousand Eight Hundred Eighty-Five Dollars and Ninety Cents ($11,885.90).   Plaintiffs filed affidavits and exhibits in support of their damage requests. The Court has reviewed the affidavits and exhibits and finds they support Plaintiffs' claim for damages.

The Court finds Plaintiffs are also entitled to their attorney's fees and costs.   Plaintiffs have provided documentation to show that they incurred Two Thousand Two Hundred Seven Dollars ($2,207.00) in attorney's fees and Nine Hundred Sixty-One Dollars and Ninety-Eight Cents ($961.98) in costs for a total of Three Thousand One Hundred Sixty-One Dollars and Ninety-

Eight Cents ($3,161.98).   Based on the evidence presented, the Court finds that the services performed by Plaintiffs' attorney were reasonable and necessary to the litigation of this case, that the rates charged and the amount sought for attorney's fees are reasonable.   The Court also finds Plaintiffs are entitled to their costs.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Default Judgment is **GRANTED.** (ECF No. 6).

**IT IS FURTHER ORDERED** that Plaintiffs are entitled to default judgment against Defendant Robert McGill, III, in the amount of Ten Thousand Seventy Two Dollars and Eighty Cents ($10,072.80) for contributions due, Nine Hundred Six Dollars and Fifty Five Cents ($906.55) for interest, Nine Hundred Six Dollars and Fifty Five Cents ($906.55) for interest in lieu of liquidated damages pursuant to 29 U.S.C. § 1132 (g) (2), for a total of Eleven Thousand Eight Hundred Eighty Five Dollars and Ninety Cents ($11,885.90), plus an amount of Two Thousand Two Hundred Seven Dollars ($2,207.00) for attorney's fees and for costs in the amount of Nine Hundred Sixty One Dollars and Ninety Eight Cents ($961.98) for a total of Fifteen Thousand Fifty Four Dollars and Eighty Eight Cents ($15,054.88), together with post judgment interest as allowed by law.

A separate Default Judgment shall accompany this Memorandum and Order.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this ___19th___ day of May, 2022.